IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Krista B, <br><br>     Plaintiff, <br> v. <br><br> Nancy A. Berryhill, Acting Commissioner of Social Security <br><br>     Defendant. | Memorandum Decision and Order Affirming the Decision of the Commissioner <br><br> Case No. 2:17-cv-884 BCW <br><br> Magistrate Judge Brooke Wells |

Plaintiff, Krista B, appeals the Commissioner's denial of her application for disability benefits under Title II of the Social Security Act.[1] The court determines the decision of the Commissioner was supported by substantial evidence and the law was properly applied. Therefore, discerning no reversible error, the court affirms the Commissioner's decision.

I

Ms. B[2] filed for benefits in 2014 alleging she because disabled beginning in March 2013 at the age of 30 years old. Plaintiff alleges she is disabled and unable to work due to Crohn's colitis, obstructive sleep apnea, diabetes, asthma, insomnia, chronic kidney stones and depression.[3] To establish disability, Ms. B must show that she has an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months …."[4]

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. § 636(c).
[2] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.
[3] Tr. 173.
[4] 42 U.S.C. § 423(d).

Following an initial denial of benefits, Ms. B requested and received a hearing before an administrative law judge (ALJ). The ALJ followed the required five-step sequential evaluation process[5] and found Ms. B had the severe impairments of obesity, ulcerative colitis, Crohn's disease and asthma.[6] Notwithstanding these impairments, the ALJ found Plaintiff had the residual functional capacity to perform light work with certain restrictions including avoiding exposure to extreme cold, pulmonary irritants and having "ready access to a restroom nearby."[7] The ALJ considered the medical evidence in the record, including the opinions of state agency medical consultants, Ralph McKay, M.D. and Ana Hotley, D.O., and Ms. B's treating physician, Melvin Kuwahara, M.D. At Step Four the ALJ then found Ms. B could perform her past relevant work as a customer service representative, data entry clerk and night auditor. Thus, she was not disabled.

After the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner. Ms. B sought review of this decision and raises one argument on appeal: the ALJ's decision is not supported by substantial evidence.

II

The court reviews the Commissioner's "decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[8] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[9] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial

---

[5] 20 CFR 404.1520(a).
[6] Tr.14.
[7] Tr. 17.
[8] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir.2006).
[9] *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir.2008) (internal quotation marks omitted).

evidence."[10] Thus, the court may not "'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'"[11]

III

Ms. B raises one issue on appeal; is the ALJ's decision supported by substantial evidence? During the hearing before the ALJ, "Plaintiff and her attorney made clear … that Crohn's disease was the only impairment impacting Plaintiff's ability to work."[12] Thus the focus in this case is narrow – does Plaintiff's Crohn's disease prevent her from working? Crohn's disease presents some unique challenges because as noted by Plaintiff, it does not necessarily limit her in a typical fashion such as in lifting or standing. But, it can create issues surrounding her availability for work when she suffers from what is commonly called a flare.

During a flare, Plaintiff argues, "her symptoms completely incapacitate her."[13] It is not enough to have a restroom nearby, as provided for by the ALJ. Rather, Plaintiff does not use the bathroom for a minute or two but may be in there for extended periods of time. Ms. B's treating physician, Melvin Kuwahara, M.D., opined that the periodic flares would impact Ms. B's participation in normal activities for "up to 6-8 weeks per flare" once or twice a year.[14]

The ALJ considered Dr. Kuwahara's opinion and gave it little weight. An ALJ may decline to give controlling weight to the opinion of a treating physician where he "'articulate[s] specific, legitimate reasons for his decision.'"[15] For example, an ALJ may find the opinion

---

[10] *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[11] *Id.* (quoting *Custer County Action Ass'n v. Garvery*, 256 F.3d 1024, 1030 (10th Cir. 2001)).
[12] Pla.'s brief p. 3.
[13] *Id.* p. 4. These symptoms include things such as nausea, cramping, pain and an urgent need to use a restroom due to diarrhea. In addition, they can create fatigue due to the lack of nutrients being absorbed by the body.
[14] Tr. 893.
[15] *Cowan v. Astrue*, 552 F.3d 1182, 1188 (10th Cir. 2008) (quoting *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004)).

unsupported by "medically acceptable clinical and laboratory diagnostic techniques or … inconsistent with the other substantial evidence in the case record."[16] In sum, under the "regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must 'give good reasons in [the] notice of determination or decision' for the weight assigned to a treating physician's opinion."[17]

The ALJ's opinion here does these things. For example, the ALJ pointed to inconsistencies with treatment notes showing improvement with medication, "no evidence in the record [supporting] the length of incapacitation assessed by Dr. Kuwahara"[18] and the failure by Dr. Kuwahara to assess any work-related limitations. The ALJ noted Ms. B's hospital stays, but they were not of the duration Dr. Kuwahara opined would be necessary for recovery. The ALJ also cited to the up and down history of Ms. B, where sometimes her symptoms would improve, while at other times they would get worse. He noted the improvement she obtained while on Humira,[19] and accounted for the ongoing difficulties by limiting Plaintiff's residual functional capacity. Ms. B cites to *Gomez v. Sullivan*,[20] in support of her argument that the ALJ failed to properly consider her flares and Dr. Kuwahara's opinion. In *Gomez*, the court found the ALJ misrepresented the evidence. As is usually the case in an appeal such as this, the record has conflicting evidence. The ALJ weighed that evidence and provided reasons for his decision, including noting the opinions of two state agency physicians, Ralph McKay, M.D. and Ana Hotley, D.O. that reviewed Plaintiff's medical record. The court is not permitted to substitute its

---

[16] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting SSR 96-2p, 1996 WL 374188, at *2)); *see also* 20 C.F.R. § 404.1527(d)(2).
[17] *Watkins*, 350 F.3d at 1300 (quoting 20 C.F.R. § 404.1527(d)(2)).
[18] Tr. 20.
[19] Tr. 18-20.
[20] 761 F.Supp. 746, 751 (D. Colo. 1991).

judgment for the ALJ's even if it would reweigh the evidence differently.[21]  In sum, there is substantial evidence in the record to support the ALJ's decision.

## CONCLUSION AND ORDER

The court concludes the Commissioner's decision is supported by substantial evidence and is free of harmful legal error.  The Commissioner's decision is therefore affirmed.  The Clerk of the Court is instructed to close this case.

DATED this 29 August 2018.

Brooke C. Wells
United States Magistrate Judge

---

[21] *See Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004); *see also Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007).